457 F.2d 854
 4 Fair Empl.Prac.Cas. 643, 4 Empl. Prac. Dec. P 7748
UNITED STATES of America, Plaintiff-Appellee,
v.
ROADWAY EXPRESS, INC., Defendant, Roadway Express Memphis,
etc., Intervenor-Appellant.
 No. 71-1873.
 United States Court of Appeals,
Sixth Circuit.
 April 4, 1972.
 
 1
 Warner Hodges, Memphis, Tenn., for intervenor-appellant.
 
 
 2
 David L. Rose, Department of Justice, Washington, D. C., David L. Norman, Asst. Atty. Gen., Squire Padgett, Atty., Department of Justice, Washington, D. C., Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, on brief, for plaintiff-appellee.
 
 
 3
 Edward C. Kaminski, Akron, Ohio, Buckingham, Doolittle & Burroughs, Akron, Ohio, on brief, for defendant.
 
 
 4
 Before McCREE and MILLER, Circuit Judges, and WILSON,* District Judge.
 
 
 5
 WILSON, District Judge.
 
 
 6
 The appellants in this case, a class consisting of the over-the-road drivers employed since January 18, 1968, at the Roadway Express, Inc. terminal in Memphis, Tennessee, seek relief from the terms of a consent order entered by the District Court. The appellants, contending that the consent order unlawfully and inequitably affected their seniority rights, were permitted to intervene following the entry of the consent order but were denied relief by the District Court.
 
 
 7
 Although there is a very extensive record in this case, a brief review of that record will suffice to indicate the background for this appeal. Upon May 2, 1968, the United States filed this lawsuit against Roadway Express, Inc. under Title VII of the Civil Rights Act of 1964 (42 U.S.C. Secs. 2000e et seq.) alleging, among other matters, racial discrimination on the part of Roadway Express, Inc. in the employment of over-the-road drivers. After extensive litigation and negotiations a consent decree was entered by the District Court upon September 1, 1970.
 
 
 8
 At an early stage in litigation the International Brotherhood of Teamsters responded to a show cause order on behalf of its membership, which membership included the appellants. Although the Teamsters Union was never formally made a party to the litigation, it did participate to the extent that it deemed appropriate and to the extent of advising the Court that in its opinion the proposed consent degree would not violate any of the provisions of the collective bargaining agreements between Roadway Express and the Union.
 
 
 9
 Among contentions made by the United States prior to the entry of the consent order was the contention that Roadway Express had been guilty of discrimination in not permitting city drivers employed at its Memphis, Tennessee, terminal to transfer to over-the-road positions when it established over-the-road operations (i. e., domiciled over-the-road drivers) at that terminal on January 18, 1968. Among the city drivers who sought transfer at that time to over-the-road positions were four black and sixteen white drivers. They were denied the right to transfer. It was the Government's contention that since the black city drivers had seniority over the white city drivers, both the black and white city drivers were denied a transfer in order to avoid employment of black over-the-road drivers.
 
 
 10
 The consent order provided that Roadway Express should permit the transfer of the city driver applicants who had previously been denied such transfer to over-the-road positions and that city drivers so transferring would have seniority in their over-the-road positions as of January 18, 1968, the date Roadway Express commenced over-the-road operations at the Memphis terminal. The effect of this provision in the consent order was to give Memphis city drivers transferring to over-the-road positions seniority over all other drivers hired or transferred to that terminal after January 18, 1968. It is the latter group of drivers who make up the appellant class and who contend that they were treated unlawfully and inequitably.
 
 
 11
 Upon this state of the record the appellants contend, first, that the proof fails to show that discrimination was the basis for Roadway's refusal to permit city drivers to transfer to over-the-road positions at Memphis, but rather reflects that its fear of a shortage of city drivers was the basis of its action; and, second, that even if discrimination were the basis for Roadway's action, the remedy should be fashioned so as to penalize Roadway, the guilty party, and not to penalize the appellants, who were innocent of any discrimination.
 
 
 12
 It is recognized by all parties that the statutory basis for any relief granted or to be granted in this case is that provision of the Civil Rights Act of 1964 wherein it is provided that upon a proper showing of discrimination in employment the Court may enter "a permanent or temporary injunction, restraining order or other order against the person or persons responsible for such pattern or practice, as he deems necessary to insure the full enjoyment of the rights herein described." [42 U.S.C. Sec. 2000e-6(a) (3)]
 
 
 13
 It is apparent that the statute just cited both permits and requires the District Court to follow principles of equity in fashioning a judgment in a case of this nature. It further appears to this Court that the District Court has done that in regard to those provisions of the consent order now under attack. Although, since the order was a consent order, the District Court made no finding of racial discrimination, the relief granted in the consent order was consistent only with a finding of such discrimination. Furthermore, at the time the consent order was entered there was evidence in the record upon which a finding of discrimination in the Memphis terminal could have been made. Logic leads to the further conclusion that but for such discrimination both black and white city drivers would have been permitted to transfer to over-the-road positions upon January 18, 1968, when the need to fill such positions first arose. Since equity regards that as done which should have been done, no charge of inequity will lie against the provisions of the consent decree ordering the transfer of city drivers, both black and white, and granting seniority to them as of January 18, 1968, the date they would have been transferred but for the discrimination. The appellants suffer no inequity by being deprived only of that which they received as a consequence of discrimination, even though that discrimination may have been on the part of Roadway Express. The appellants recognize as much when they concede the correctness of awarding seniority to the four black city drivers ordered transferred. In seeking to deny such seniority to the transferred white city drivers, the appellants overlook the corollary fact that the white city drivers were equally the victims of discrimination, since their transfer was prevented as a necessary part of the refusal to permit black city drivers to transfer to over-the-road jobs.
 
 
 14
 Likewise no claim of illegality will lie against the consent decree. It is conceded that the appellants were members of the Teamsters Union at the time the International Brotherhood of Teamsters was representing the interests of its members in this litigation and at the time that it advised the District Court of its opinion that the consent decree would violate no seniority or other provision of collective bargaining agreements between Roadway Express and the Teamsters Union. The record is devoid of any showing to the contrary. Under these circumstances, no legal basis would exist requiring modification of the consent order.
 
 
 15
 In the absence of any basis in law or in equity for modification of the consent order, the judgment of the District Court is affirmed.
 
 
 
 *
 The Honorable Frank W. Wilson, Chief Judge, United States District Court for the Eastern District of Tennessee, sitting by designation